CRAMER v. TITTLE.*

No. 11,723; September 24, 1886.

11 Pac. 852.

**Appeal—Corporation as Surety—Constitutionality of Statute.—** Under article 4, section 25, of the constitution of California, the act of legislature of March 12, 1885, is void, in so far as it attempts to authorize the acceptance of a corporation as sole and sufficient surety in an undertaking on appeal.

J. J. Coffey for respondent, Cramer; Robert Ash for appellant, Tittle.

*For subsequent opinion in bank, see 72 Cal. 12, 12 Pac. 869.

MYRICK, J.—Motion to dismiss an appeal on the ground of failure to file an undertaking as required by law. An undertaking was filed, with one surety only, viz., the Pacific Surety Company. The company was incorporated under the laws of this state, and executed the undertaking under the act of March 12, 1885: Stats. 1885, p. 114. That act authorized the officer approving a bond or undertaking to accept, as sole and sufficient surety, any corporation incorporated for the purpose of making bonds and undertakings. The general statute concerning appeals requires that the undertaking on appeal be executed by at least two sureties: Code Civ. Proc., sec. 941. The constitution (article 4, section 25) prohibits the legislature from passing a special law regulating the practice of courts of justice, and in all cases where a general law can be made applicable.

If the statute in question be taken as an attempted amendment to the Code of Civil Procedure, the objection arises that no such object is stated in the title. If it be taken as an independent statute, it is a special law for regulating the practice of courts, in so far as it attempts to authorize one surety only in place of two. So, also, it is special in a case in which a general law could be made applicable. A general law providing for two sureties has been in force and effect for years. This statute attempts to change the general law in special cases, viz., where a certain kind of corporation is offered as surety.

We are of opinion that the statute, in so far as it attempts to authorize the approval of a corporation as "sole and sufficient surety," is void. Motion granted without prejudice.

We concur: McKinstry, J.; Ross, J.